UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EUGENE CHIN,
    Plaintiff

v.                                     C.A. No.:

CITY OF PROVIDENCE, by and through
its Director of Finance, LARRY MANCINI,
    Defendant

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees, litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered on account of his race, color, ethnicity, country of ancestral origin, disability and/or perceived disability, and/or need for a medical leave in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.* ("CRPD"), the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* ("FEPA"), and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* ("RICRA").

### II. Parties

1.     The Plaintiff is a resident of the Town of Warren, County of Bristol, State of Rhode Island.

2.     Defendant City of Providence ("City") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its

Director of Finance, Lawrence Mancini, the official designated by state law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City.

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under Title VII pursuant to 42 U.S.C. §2000e-5(f)(3), jurisdiction over the Plaintiff's claims under the ADA pursuant to 42 U.S.C. §12117, and supplemental jurisdiction over the Plaintiff's claims under the CRPD, the FEPA, and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5. On or about July 27, 2016, the Plaintiff timely co-filed a charge of unlawful discrimination against the Defendant with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 17 EPD 057-37/06 and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2016-00395.

6. On or about June 7, 2017, more than one hundred twenty (120) days, but less than two (2) years after the charge was co-filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7. On or about June 12, 2017, Plaintiff was issued a notice of right to sue by RICHR and has timely instituted suit thereon.

8. On or about June 28, 2017, Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9. The RICHR failed to act upon the Plaintiff's charge of discrimination within sixty (60) days of the filing of the charge and, thus, the Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L. §42-87-4(b).

10. There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI. Material Facts

11. The Plaintiff is Chinese-American.

12. In or about August, 2002, the Plaintiff was hired by Defendant City as a patrolman.

13. During the Plaintiff's employment at Defendant City, his work performance has been satisfactory and met Defendant City's legitimate expectations as evidenced by the Plaintiff's added responsibility as a Field Training Officer ("FTO").

14. Throughout the Plaintiff's employment at Defendant City, the Plaintiff was never subjected to any disciplinary action.

15. During all relevant time periods, Hugh T. Clements ("Clements") was the Chief of Police at Defendant City.

16. During all relevant time periods, Thomas Verdi ("Verdi") was employed by Defendant City as the commander-in-charge of the Uniform Division and, thus, was the Plaintiff's supervisor.

17. While employed at Defendant City, Defendant City's employees and/or agents, including, but not limited to, Clements and Verdi, subjected the Plaintiff to workplace discrimination on the basis of his race, color, ethnicity, country of ancestral origin, his disability and/or perceived disability.

18. In or about 2015, the Plaintiff timely applied to the Cooper Certification and Physical Fitness Assessment Battery Certification program to become an instructor for the physical agility test administered to civilians seeking to become employed by Defendant City as police officers.

19. Upon submission of his application, Defendant City denied the Plaintiff's application as untimely.

20. On or about November 13, 2015, the Plaintiff was involved in a motor vehicle accident while responding to an "officer in need of assistance" call.

21. The accident was investigated by the review board for Defendant City's police department.

22. The review board, despite receiving witness statements to the contrary, concluded that the Plaintiff was at fault for the accident.

23. As a result of the November 13, 2015 accident, the Plaintiff was injured and required a medical leave of absence.

24. On or about November 13, 2015, the Plaintiff commenced a medical leave of absence.

25. In or about January, 2016, the Plaintiff returned from the medical leave.

26. Upon the Plaintiff's return from medical leave, on several occasions, the Plaintiff requested overtime shifts.

27. Defendant City failed and/or refused to assign the Plaintiff an equal amount of overtime shifts.

28. Upon information and belief, Defendant City assigned a greater number of overtime shifts to similarly-situated, non-disabled Caucasian police officers.

29. On or about February 3, 2016, the Plaintiff injured his foot while pursuing a suspect.

30. At all relevant times, employees of Defendant City, including, but not limited to, Clements and Verdi, were aware that the Plaintiff suffered from a disability – a foot injury – or regarded the Plaintiff as being disabled.

31. In or about March, 2016, the Plaintiff commenced a medical leave of absence due to his foot injury.

32. On or about April 9, 2016, while on medical leave, the Plaintiff took the Sergeant Promotional Exam.

33. Immediately following the exam, the Plaintiff received a score of eighty-nine (89) and, initially, had the eighth (8th) highest score.

34. After the initial grading was complete, the Plaintiff learned that his ranking dropped to the tenth (10th) highest score due to so-called "erasure marks" and grievance questions awarded.

35. Typically, candidates receive up to one (1) or two (2) additional points for grievance questions; however, in this round of testing candidates received up to six (6) additional points for grievance questions.

36. When the final promotion list was posted, the Plaintiff's ranking dropped to thirteenth (13th) overall due to service points.

37. Service points are discretionary points awarded by Clements to police officers based on their performance. There is no criteria for awarding such service points.

38. The Plaintiff received four (4) discretionary service points, while similarly-situated Caucasian, non-disabled police officers, who were disciplined within the previous year, received five (5) points.

39. During this time period, despite being out on two (2) medical leaves, the Plaintiff responded to an equivalent number of calls and wrote more reports than these Caucasian, non-disabled police officers.

40. Upon information and belief, Clements relied upon Verdi to assign the discretionary service points.

41. Upon information and belief, Verdi failed and/or refused to seek a recommendation and/or honor the recommendation of the Plaintiff's immediate supervisor when awarding the discretionary service points.

42. Due to being Chinese-American and commencing a medical leave due to his disability and/or perceived disability, the Plaintiff was not promoted to sergeant.

43. Due to the discriminatory conduct of Defendant's employees, similarly-situated Caucasian, non-disabled police officers were promoted to sergeant.

44. On or about July 6, 2016, the Plaintiff returned to work from his medical leave.

45. The Plaintiff has suffered economic damages, including, but not limited to, equitable damages, compensatory damages, including, but not limited to, emotional distress, loss of enjoyment of life, humiliation, damage to business and personal reputation and other harm, as a result of being discriminated against due to his race, color, ethnicity, country of ancestral origin, disability and/or perceived disability.

## VII. Claims For Relief

46. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-45 above.

## Count One
## Unlawful Discrimination—42 U.S.C. §2000e, *et seq.*

47. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his race, color, ethnicity and/or country of ancestral origin in violation of Title VII, 42 U.S.C. §2000e, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under Title VII.

## Count Two
## Unlawful Discrimination—42 U.S.C. §12101, *et* seq.

48. Defendant, by its acts and/or omissions including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the ADA causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the ADA.

## Count Three
## Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq.*

49. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the CRPD.

## Count Four
## Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

50. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his race, color, ethnicity and country of ancestral origin, disability and/or perceived

disability in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Five
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

51. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his race, color, ethnicity and country of ancestral origin, disability and/or perceived disability in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that the Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2. enjoining and permanently restraining the Defendant from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3. award the Plaintiff back pay, including incremental increases and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages for Defendant's intentional, malicious, reckless and/or willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

6. award the Plaintiff reasonable attorney's fees and costs of litigation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

7. such other and further relief as the Court deems just and proper.

### IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

### X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire and Michael D. Pushee, Esquire as trial counsel.

Respectfully Submitted,
Plaintiff,
By his Attorneys,
Formisano & Company, P.C.

Dated: August 16, 2017

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
Phone: (401) 944-9691
Facsimile: (401) 944-9695

## **CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 16th day of August, 2017 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano